UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| KACEY J. OTTERBRIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:15-CV-001 PS |
| | ) | |
| ROBERT KEIM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Kacey J. Otterbridge, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) Otterbridge is an inmate at the Elkhart County Correctional Facility ("Elkhart"). On March 27, he returned to his cell and found that Defendants Robert Keim, Tara Whaley and Lauren Duesler, had searched his cell and seized $900. Otterbridge was told that the money was confiscated because it was an "excessive amount" and was "brought into the building incorrectly." Only $266 was returned to him. Otterbridge alleges the defendants performed an unlawful search and seizure.

I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Nevertheless, I must bear in mind that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Otterbridge has no Fourth Amendment claim for an unreasonable search of his cell or a seizure of his money. "[T]he Fourth Amendment's proscription against unreasonable searches does not apply within the confines of the prison cell." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). And, similarly, "the Fourth Amendment does not protect against seizures in a prison cell." *Id.* at 528, n. 8.

To the extent Otterbridge claims the defendants took his money and never returned it, he would have to pursue state remedies. Though the Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law", a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Id.* at 533 ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to

provide a suitable post deprivation remedy."). Indiana's tort claims act (INDIANA CODE § 34-13-3-1 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees, and provide an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due.") . Thus, the property loss claim will be dismissed without prejudice.

For these reasons, the court **DISMISSES** the action **WITHOUT PREJUDICE**.

**SO ORDERED**.

ENTERED: January 8, 2015.	s/ Philip P. Simon
	Philip P. Simon, Chief Judge
	United States District Court